IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
Northern Division

BIG LOTS STORES, INC.  *
300 Phillipi Road
Columbus, Ohio 43228  *

　　　　　　　　　　　　*

　　　　Plaintiff
　　　　　　　　　　　　*

v.
　　　　　　　　　　　　*   Civil Action No.

GIANT OF MARYLAND LLC,
formerly known as GIANT OF  *
MARYLAND, INC.
6300 Sheriff Road  *
Landover, Maryland 20785
　　　　　　　　　　　　*

　　SERVE ON:
　　Mark London, Esquire  *
　　London & Mead
　　1225 19th Street, NW  *
　　Suite 320
　　Washington, D.C. 20036  *
　　(with consent)
　　　　　　　　　　　　*

　　SERVE ON:
　　CSC Lawyers Incorporating  *
　　Service Co.
　　7 St. Paul Street  *
　　Suite 1660
　　Baltimore, Maryland 21202  *

　　　　Defendant  *

## COMPLAINT

Big Lots Stores, Inc. ("Big Lots"), Plaintiff, by and through its counsel, Scott H. Phillips and Semmes, Bowen & Semmes, P.C., hereby sues Giant of Maryland LLC ("Giant"), formerly known as Giant of Maryland, Inc., Defendant, and states as follows:

## THE PARTIES

1. Big Lots is a corporation organized under the laws of the State of Ohio and having its principal place of business in Columbus, Ohio. Big Lots operates retail stores throughout the country and is authorized to conduct business in the State of Maryland. At all times pertinent hereto, Big Lots operated a retail store located at 11716 Reisterstown Road, Reisterstown, Maryland 21136.

2. Giant, formerly known as Giant of Maryland, Inc., is a limited liability corporation organized under the laws of the State of Maryland and having its principal place of business in Landover, Maryland. Giant is authorized to conduct business in the State of Maryland and operates grocery stores throughout Maryland and other states. At all times pertinent hereto, Giant leased from the owner and sublet to Big Lots the improved property located at 11716 Reisterstown Road, Reisterstown, Maryland 21136.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 based on the diversity of citizenship of the parties and because the amount in controversy exceeds $75,000, excluding interest and costs.

4. The Court also has personal jurisdiction over the Defendant as Giant is a Maryland limited liability corporation with its principal place of business in Maryland.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) as Giant is a Maryland limited liability corporation with its principal place of business within the District of Maryland.

## BACKGROUND

6. On or about October 10, 1979, Giant, then known as Giant of Maryland, Inc., leased from Turnpike Associates ("Turnpike") certain improved property located at 11716 Reisterstown Road, Reisterstown, Maryland 21136 ("the demised premises"). A copy of that Prime Lease is attached hereto as Exhibit A.

7. Pursuant to the terms of the Prime Lease, the initial term of the Prime Lease expired on or about November 30, 2005. See Exhibit A at ¶ 6(a).

8. Giant had the option to extend its tenancy for two separate and additional periods of ten (10) years each and one further additional period of five (5) years on the same terms and conditions as the initial term, on the condition it provided Turnpike with written notice of its intention to do so at least 180 days before the expiration of the term or option then in effect. See Exhibit A at ¶¶ 12, 18. Had Giant exercised its first extension option, its tenancy would have terminated on or about November 30, 2015.

9. Giant had the right to sublet, in whole or part, the demised premises, with the consent of Turnpike if the demised premises were to be used for any business other than a supermarket, a drug store or a supermarket-drug store. See Exhibit A at ¶ 8.

10. Giant operated a supermarket at the demised premises from approximately November 1979 to approximately May 2003.

11. On or about May 20, 2003, Giant, with knowledge that Big Lots intended to use the space for a business other than a supermarket, a drug store or a supermarket-drug store, subleased the demised premises to Big Lots. A copy of the Sublease is attached hereto as Exhibit B.

12. Pursuant to the terms of the Sublease, its initial term expired on January 31, 2009. See Exhibit B at ¶ 3.1. Big Lots had the option to extend its subtenancy for an additional period of six (6) years, which, if exercised, would be coterminous with the expiration of Giant's first option period on November 30, 2015, followed by a further extension of ten (10) years and a final extension of five (5) years. See Exhibit B at ¶ 3.2. If Big Lots had exercised all of its extension options under the Sublease, its tenancy would have continued until November 30, 2030.

13. In executing the Sublease, Giant acknowledged that "the Initial Term of this Sublease shall extend through [Giant's] first option period provided in the Prime Lease." See Exhibit B hereto at ¶ 3.1. Recognizing that Big Lots would enjoy continuous and uninterrupted

3

occupancy of the demised premises for the period promised in the Sublease only if Giant exercised its first option period under the Prime Lease, Giant further warranted in the Sublease that it "shall timely exercise its first option period ...." *Id.*

14. In executing the Sublease, Giant warranted that it "... shall timely exercise its corresponding option(s) to extend the term of the Prime Lease as provided by Section 12 therein," if Big Lots timely notified Giant of its intention to exercise any option available to it under the Sublease. See Exhibit B hereto at ¶ 3.2.

15. In executing the Sublease, Giant warranted and represented to Big Lots that it (Giant) had "the full authority to, and/or the consent of [Turnpike] to sublease [the demised premises] to [Big Lots] for [Big Lots'] use and purpose as stated herein." Exhibit B at ¶ 1.1. Moreover, Giant further agreed, "*The failure of this representation shall be deemed a breach of this Sublease for which [Giant] shall be liable for all direct damages incurred by [Big Lots].*" *Id.* (emphasis added).

16. In executing the Sublease, Giant further agreed, "[Giant] shall be in default of this Sublease, and liable for all damages for breach of contract, in the event the Sublease is terminated due to any action by [Giant] which directly causes the termination of the [Sublease] or Prime Lease." Exhibit B at ¶ 9.2.

17. In executing the Sublease, Giant further agreed, ".... to indemnify, defend and hold harmless [Big Lots] from and against any damage, loss, claim, cause of action, penalty, fine, judgment, liability and expense, including reasonable attorney's fees for ... the negligent acts *or omissions to act of Giant* .... [Giant's] indemnity of [Big Lots] shall survive expiration or termination of this Sublease." Exhibit B at ¶ 10.2 (emphasis added).

18. Relying on Giant's representations that it would enjoy continuous and uninterrupted use of the demised premises until *at least* January 31, 2009 (and, if Big Lots exercised its extension options, until November 30, 2030), Big Lots incurred substantial cost and expense in tenant "build-out" and in generally preparing to open its store to the public in September 2003.

4

page

19. From approximately September 2003 through January 2006, Big Lots operated a retail store at the demised premises.

20. On or about June 14, 2005, Metropolitan Management Company, Turnpike's agent, advised Giant that it had received no notice from Giant of an intention to extend Giant's tenancy beyond November 30, 2005 and that the tenancy would therefore terminate as of that date. See Exhibit C hereto.

21. In approximately August 2005, Big Lots learned for the first time that Giant had never exercised its first extension option under the Prime Lease and that Turnpike considered the Prime Lease and Sublease as expiring on November 30, 2005.

22. On or about September 23, 2005, pursuant to ¶ 9.2 of the Sublease, Big Lots advised Giant, in writing, that it considered Giant to be in default of the Sublease for failing to exercise its first renewal option under the Prime Lease and requested that Giant cure the default. See Exhibit D hereto.

23. On or about October 21, 2005, Metropolitan Management Company, Turnpike's agent, advised Big Lots that the Prime Lease and Sublease would expire on November 30, 2005 and demanded that Big Lots surrender the demised premises as of that date. See Exhibit E hereto.

24. Faced with the prospect of being evicted at the height of the lucrative holiday retail season, Big Lots negotiated with Turnpike an extension of its subtenancy through January 2006, at a rental rate significantly higher than the rate it was paying under the Sublease.

25. As a result of Giant's failure to exercise at least its first extension option under the Prime Lease, Big Lots was forced to vacate the demised premises as of January 31, 2006, and did.

26. On or about October 28, 2005, Giant filed, in the Circuit Court for Baltimore County, a Complaint for Declaratory Judgment against Turnpike in which it sought a declaration that it (Giant) had effectively exercised its first extension option under the Prime Lease, styled *Giant or Maryland LLC v. Turnpike Associates, LLLP*, Civil Action No. 03-C-05-011403.

Following discovery, both Turnpike and Giant moved for summary judgment and, on or about December 20, 2005, that Court denied Giant's motion for summary judgment and granted Turnpike's motion. Thus, it has been judicially established that Giant did not exercise its first extension option under the Prime Lease, an adjudication of the merits of the claims set forth in the respective summary judgment motions filed by Giant and Turnpike.

27. In the event that either party to the Sublease brings suit based on any covenant or provision therein, the prevailing party is entitled to recover its reasonable attorney's fees. Exhibit B at ¶ 18.

## COUNT I: BREACH OF CONTRACT

28. Big Lots adopts and incorporates Paragraphs 1 through 27 as if set forth fully herein.

29. A legal, valid and binding contract existed between Big Lots and Giant, the terms of which are set forth in the Sublease attached hereto as Exhibit B.

30. Pursuant to the Sublease, Giant was contractually obligated to exercise any and all of its extension options under the Prime Lease with Turnpike to provide Big Lots with the continuous and uninterrupted use of the demise premises through the period promised in the Sublease, November 30, 2030.

31. Giant failed to do all that was necessary -- including but not limited to exercising its first extension option under the Prime Lease with Turnpike -- to deliver to Big Lots the continuous and uninterrupted use of the demise premises for the period promised in the Sublease, including all extensions of the initial term. As such, Giant, without legal excuse, breached a material term of its Sublease with Big Lots.

32. Big Lots performed all of its obligations under the Sublease.

33. In failing to exercise its first extension option under the Prime Lease with Turnpike, and all extension options thereafter, Giant breached its implied covenant of good faith and fair dealing as its omission frustrated -- and ultimately made impossible -- Big Lots'

continuous and uninterrupted use of the demise premises for the period promised in the Sublease, including all extensions of the initial term.

34.     As a result of Giant's breach, Big Lots has suffered and will continue to suffer damages, expenses and losses it would not have otherwise suffered, including but not limited to brokerage commissions, relocation expenses, costs incurred to vacate the premises, increased personnel expenses, build-out costs, business interruption losses, lost goodwill/customer loyalty, increased rental rates and related costs, and attorney's fees.

WHEREFORE, Plaintiff Big Lots Stores, Inc. demands judgment against Defendant Giant of Maryland LLC, formerly known as Giant of Maryland, Inc., in an amount in excess of $75,000.00 (Seventy Five Thousand Dollars) plus interest, costs, attorney's fees and such further relief as the Courts deems necessary, just and proper.

> Respectfully submitted,
>
> _____
> Scott H. Phillips, #013244
> Semmes, Bowen & Semmes, P.C.
> 250 W. Pratt Street
> Baltimore, Maryland 21201
> (410) 539-5040
>
> *Counsel for Big Lots Stores, Inc.*

605342